# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-0410V
UNPUBLISHED

|  |  |
|---|---|
| LOVIE LUCAS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: January 10, 2022<br><br>Pre-Assignment Review; Attorney's<br>Fees and Costs; Reasonable Basis;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Heather Lynn Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 8, 2021, Lovie Lucas filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, after receiving the influenza ("flu") vaccine on October 8, 2019. Petition at 1, ¶ 2.

Along with the Petition, which sets forth only the basic elements of her claim, Ms. Love filed her vaccine record (labeled Exhibit 1) and an affidavit from Petitioner's counsel affidavit from Petitioner's counsel (labeled Exhibit 2) acknowledging the fact that the Petition had been filed without medical records, "[d]ue to the potential Table amendment

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proposed by [R]espondent which would divest victims of shoulder injuries related to vaccine administration (SIRVA) the benefit of a 'Table' claim." Exhibit 2 at ¶ 1.

On June 15, 2021, after failing to provide any medical records to support her claim, Petitioner filed a motion requesting the voluntary dismissal pursuant to Vaccine Rule 21(a).[3] ECF No. 9. No reason for the dismissal was provided. *Id.* The same day, I issued an order concluding proceedings, dismissing Petitioner's claim without prejudice. ECF No. 10.

On December 6, 2021, Petitioner filed a motion seeking a total of $5,043.50 in attorney's fees and costs. Petitioner's Application for Attorney's Fees ("Motion"), ECF No. 12. Petitioner did not address the requirements of good faith and reasonable basis and provided no additional information regarding the merits of her case and reason for the requested dismissal. *Id.*

Maintaining that Petitioner has failed to establish there was a reasonable basis for her claim, Respondent opposes Petitioner's request. Respondent's Objection to Motion ("Opp."), filed Dec. 8, 2021, ECF No. 13. On December 15, 2021, Petitioner responded to Respondent's arguments. Petitioner's Reply to Opp. ("Reply"), ECF No. 14. She also amended the amount of attorney's fees and costs previously requested to reflect an additional sum of $900.00 for work performed researching and preparing her reply. *Id.* at 3.

For the reasons discussed below, Petitioner has failed to establish there was a reasonable basis for her claim. Thus, she is not entitled to an award of attorney's fees and costs, and the fees motion is therefore denied.

## I.      Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

---

[3] Pursuant to Vaccine Rule 21(a), a petition may be dismissed "without order of the special master or the court by filing: (A) a notice of dismissal at any time before service of [R]espondent's report; or (B) a stipulation of dismissal signed by all parties who have appeared in the action." Vaccine Rule 21(a)(1).

However, Congress did not intend that every losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Human Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Human Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Human Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Human Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Human Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons*, 875 F.3d at 636;

*Amankwaa v. Sec'y of Health & Human Servs*., 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Human Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius on Behalf of E. J. v. Sec'y of Health & Hum. Servs*., 984 F.3d 1374, 1379 (Fed. Cir. 2021).

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Human Servs.,* --- Fed. Cl. ---, 2021 WL 4188429, at *5 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham*, 971 F.3d at 1345-46. In a prior case, it affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion, which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Perreira*, 33 F.3d at 1376.

## II.    Analysis

Listing the *prima facie* elements for which objective evidence needs to be provided, Respondent argues that attorney's fees and costs should not be awarded in this case. Opp. at 1, 4 n.2 (citing *Cottingham*, 971 F.3d at 1345-46). Specifically, he argues that "[o]utside of the vaccination record, [Petitioner] has submitted no evidence to support any other element of her claim." Opp. at 5. He maintains that "Petitioner's claim lacked a reasonable basis when filed, and one was never established." *Id.*

In her reply, Petitioner relies upon "an abundance of medical and scientific support for a SIRVA claim, as well as a theory of causation . . . [and] fact that she received the

vaccination in her left shoulder, and sought treatment for her left shoulder (SIRVA) injury approximately 1 month post-vaccination." Reply at 3. She acknowledges that the later-obtained medical records (which have not been filed in the case) undermine her allegations regarding onset and fail to show she suffered the residual effects of her injury for more than six months (*id.* at 2), but still insists that she "had a reasonable basis to file [her] claim" (*id.* at 3). Petitioner stresses that, after reviewing her medical records, "Counsel for Petitioner acted promptly and filed a motion to voluntarily dismiss her claim. *Id.* at 3.

As this argument indicates, when Petitioner's counsel reviewed Petitioner's medical records, she quickly concluded there was no reasonable basis for the claim. Thereafter, Petitioner voluntarily dismissed her claim. And – significantly - she has offered no evidence other than a vaccine record indicating she received the influenza vaccine in her right deltoid as alleged, to demonstrate the reasonable basis required for an attorney's fees and cost award. There is thus no evidence in the record establishing a post-vaccination injury, let alone how long it lasted, and therefore no way for me to corroborate some base elements of even a barely-sufficient claim.

Petitioner's arguments regarding the filing of this petition prior to counsel's review of the relevant medical records, and her subsequent dismissal once it was determined the records did not support her claim, are highly relevant to whether this petition was initiated in good faith – but they do not bear on the objective reasonable basis of the claim. Moreover, the Circuit and the Court have both plainly noted that determinations by counsel to "rush" filings, in order to evade a looming limitations cut-off, do not constitute the kind of objective proof in support of a claim required to satisfy the reasonable basis standard.

In *Simmons*, the Federal Circuit clearly held that the pending expiration of the Vaccine Act's statute of limitations would not convey a reasonable basis which would otherwise not exist, and that efforts to "beat the clock" in a filing should be considered only when determining whether good faith exists. *Simmons,* 875 F.3d at 636. Here, the rationale provided by Petitioner for the rushed January 2021 filing of her claim, without regard to some of its objective issues, is *less* compelling than the argument advanced by the *Simmons* petitioner. Unlike the Vaccine Act's statute of limitations, which would prohibit any claim filed after its expiration, the removal of SIRVA from the Table would *not* prevent a petitioner from filing a causation-in-fact claim that was otherwise timely (i.e. filed within 36 months of onset). Because in this case Petitioner alleged receipt of a vaccine in October 2019, a non-Table claim would still have been viable as late as October 2022 – assuming onset in that same month.

While I am sympathetic to Petitioner's argument, as a matter of law it does not persuade. Furthermore, it appears that either Petitioner's counsel did not fully question Petitioner regarding the basic requirements for a vaccine claim or Petitioner did not fully understand counsel's inquiries and/or misrepresented the facts and circumstances surrounding her injury. However, because I have determined the claim lacks reasonable basis, I need not reach a conclusion regarding good faith.

The present record does not demonstrate the reasonable basis required for an attorney's fees and cost award. Petitioner filed no medical records or other evidence to establish the *prima facie* elements of a SIRVA claim and has acknowledged that the medical records would not provide the needed information. As a result – and despite Petitioner's reasonable desire to file this claim in advance of an anticipated change in the law – I cannot find even a scintilla of evidence would have supported the claim in a number of important respects. In such circumstances, the Act places the risk of filing the claim on counsel, and does not allow an award of fees.

## III.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs even to an unsuccessful litigant as long as the litigant establishes the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). In this case, Petitioner has not established there was a reasonable basis for filing her claim and there is evidence that good faith may also be lacking. **Petitioner's motion for attorney's fees and costs is <u>DENIED</u>.**

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.